IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06cv655 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ADELE A. TOMSU, et al., | ) | |
| | ) | |
| Defendants. | ) | |

In filing no. 16, on February 5, 2007, I conducted initial review of the Amended Complaint (filing no. 11) filed by the plaintiff, Robert F. Baker, a prisoner in the Douglas County Correctional Center ("DCCC"), who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging that when officers of the Omaha Police Department assaulted him and used excessive force in the course of an arrest, Immanuel Hospital refused treatment and participated in a cover-up of the assault. The plaintiff, who lives in Carter Lake, Iowa, also relies on 28 U.S.C. § 1332 (diversity of citizenship) for subject matter jurisdiction in this court. I noted in filing no. 16 that the Amended Complaint named only Immanuel Hospital and "John Doe" physicians and healthcare workers, and that the plaintiff had, therefore, abandoned the claims against police officers of the Omaha Police Department asserted in the original complaint.

**Second Amended Complaint**

In filing no. 18, a letter dated February 6, 2007 and docketed as a Motion to Amend Complaint, the plaintiff stated that he did not intend to abandon his claims against the Omaha Police Department ("OPD"), and that he wished to reinstate those claims and to discover the names of the individual officers through discovery on the OPD. In filing no. 20, the plaintiff has filed a Second Amended Complaint which adds the OPD as a defendant. Filing no. 20 has been docketed as a Motion for Leave to File (Second) Amended Complaint because once an amended complaint is on file, leave of court must be obtained to file any amended complaint thereafter.

Filing nos. 18 and 20 are granted, and filing no. 20, the Second Amended Complaint, is now the operative complaint in this action. Therefore, the Clerk of Court will be directed to provide the plaintiff with a sufficient number of summons forms and USM-285 forms to serve the defendants named in the Second Amended Complaint.

In filing no. 23, the plaintiff states that DCCC administration and staff are impeding his access to the courts by allotting him a measly amount of writing material (e.g., 10

1

sheets of paper twice a month) which is insufficient to meet his needs as a litigant in this case and in his habeas corpus action pending in this court. The plaintiff asks the court to order DCCC to provide him with adequate supplies to enable him to exercise his First Amendment rights. See generally Bounds v. Smith, 430 U.S. 817 (1977), and Lewis v. Casey, 518 U.S. 343 (1996), concerning a prisoner's right of access to the courts.

### Caption of Most Recently Approved Complaint Determines Defendants

Upon review of filing nos. 18, 20 and 23, it appears that the plaintiff is not aware that when he files an amended complaint, the defendants listed in the most recent operative amended complaint become the only defendants in the action. That is why the First Amended Complaint caused the OPD to be terminated as a defendant in the case. Now that the Second Amended Complaint (filing no. 20) is on file, and upon approval of that complaint, the only defendants are now those listed in the caption of filing no. 20, i.e.: Immanuel Medical Center, City of Omaha Police Department, Dr. Gensler, and Correctional Medical Services. Thus, Douglas County (acting through its subordinate unit DCCC) is no longer a named defendant and is terminated as a party.

Because Douglas County (acting through DCCC) is no longer a party to this action, the court has no jurisdiction to order that entity to do anything, including to provide the plaintiff with supplies. Therefore, filing no. 23 must be denied.

### Omaha Police Department Means City of Omaha

The plaintiff has named the Omaha Police Department as a defendant in this case. However, the Police Department is not an entity which can be liable in its own name to the plaintiff. Construing the complaint liberally, the intended defendant is the City of Omaha, Nebraska, which oversees the OPD and is responsible for its operations. The Police Department itself and other departments or units within the City lack the capacity to sue or be sued in their own names. Therefore, the plaintiff will have to obtain service of process upon the City of Omaha to assert his claims based on the conduct or policies of the OPD.

### Discovery

As this case was brought without counsel by a prisoner in a state or local corrections facility, it is exempt from initial disclosure and planning conference requirements. See Fed. R. Civ. P. 26(a)(1)(E)(iii) & 26(f). Thus, the plaintiff is entitled to undertake discovery once the named defendants have entered their appearances in this action. The plaintiff must serve discovery requests directly on the attorney for any represented defendant, and the plaintiff does not need to request permission from the court.

IT IS THEREFORE ORDERED:

1.    Filing nos. 18 and 20 are granted, and filing no. 20, the Second Amended

Complaint, is now the operative complaint in this action. Filing no. 23 is denied, as Douglas County (acting through the DCCC) is no longer a named defendant in the Second Amended Complaint.

2.      The Clerk of Court shall provide the plaintiff with a sufficient number of summons forms and USM-285 forms (4 each) to serve the defendants named in the Second Amended Complaint (one defendant per form).

3.      When completing the forms for service of process on the City of Omaha (which oversees the OPD), the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." The City of Omaha may be served at the office of the City Clerk, 1819 Farnam Street, Suite LC-1, Omaha, NE 68183.

4.      Dr. Gensler may be served at an address wherever the defendant can personally be found and will accept service of process himself or through a person authorized to receive a summons on his behalf.[1]  Correctional Medical Services ("CMS") may be served at 12647 Olive Blvd, St. Louis, Missouri 63141.

5.      The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court within forty (40) days from the date of this Order. In the absence of the completed forms, service of process cannot occur. Failure to return the forms within sixty (40) days from the date of this Order could result in an Order to Show Cause.

6.      Upon receipt of the completed summons and 285 forms, the Clerk of Court shall sign each summons, to be forwarded, together with a copy of the Second Amended Complaint, to the U.S. Marshal for service of process. The court will copy the Second Amended Complaint on the plaintiff's behalf. The Marshal shall serve the summons and Second Amended Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

7.      After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8.      The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication**

---

[1]The court has already received forms from the plaintiff for service of process on Dr. Gensler and on Immanuel Medical Center.

**to the court has been sent to all other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

9.      A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.  After a defendant enters an appearance, the plaintiff may begin discovery.  The rules regarding written discovery are attached to this Order.

10.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11.      The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

12.      IMPORTANT NOTE:  **Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature.**

DATED this 7th day of March, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge

4