IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV655 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | PLAINTIFF'S "MOTION TO |
| IMMANUEL MEDICAL CENTER, CITY | ) | CONSOLIDATE THE ORIGINAL, |
| OF OMAHA POLICE DEPARTMENT, T. | ) | AMENDED, AND SECOND AMENDED |
| D. GENSLER, M.D., and | ) | COMPLAINTS AND MOTION FOR |
| CORRECTIONAL MEDICAL SERVICES, | ) | LEAVE OF COURT" |
| at the Douglas County Jail, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now before me is filing number 36, which includes the plaintiff's "Objection to City of Omaha's Motion to Dismiss and Brief in Support of Objection," (see filing 36 at 1-3), "Motion to Consolidate the Original, Amended, and Second Amended Complaints and Motion for Leave of Court," (see id. at 4-6), and a set of "Deposition and Interrogatory Questions," "Requests for Admissions," and documents for production, (see id. at 7-13). Presently, I am concerned with that portion of the document entitled "Motion to Consolidate the Original, Amended, and Second Amended Complaints and Motion for Leave of Court."[1]

The plaintiff first requests an order "assigning an officer to assist in the following" tasks: "1. Serving Notices of Filings to all other parties"; "2. Serving Depositions and Interrogatories"; "3. Tak[ing] Responses and Prepar[ing] Record"; "4. Serv[ing] Requests for Documents and Production of Documents"; and "5. Serv[ing] Requests for Admissions." (Filing 36 at 4-5.) He says that he makes this request "due to the fact that he is a prisoner at the Douglas County Jail, pursuant to Federal Rule 31(a)(2)." (Id. at 5.) I interpret the plaintiff's request as a motion for

---

[1] I have granted the City of Omaha Police Department's motion to dismiss, (see Mem. and Order on Def. City of Omaha Police Department's Mot. to Dismiss), and the plaintiff's objections to that motion are overruled. The Order on Discovery, (see filing 39), includes information that relates to the discovery requests included in filing 36.

the appointment of counsel.  For the following reasons, this motion will be denied.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel"; however, I have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate facts and present his claim."  Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996).[2]

There is some indication that the plaintiff's ability to present his claim has been frustrated.  Specifically, the plaintiff complains that "Douglas County employees" are intercepting his mail to the court and have "refuse[d] to declare [him] indigent so that [he] may send indigent correspondence."  (See filing 36 at 4.)  On balance, however, I am not persuaded that the plaintiff's frustrations are significantly worse than those that confront all indigent prisoners who represent themselves in civil litigation.  Moreover, it seems to me that this case does not raise particularly complex matters of fact or law, and presently there is no indication that there will be conflicting testimony.  Therefore, I find that an appointment of counsel is not warranted at this time.

Next, the plaintiff requests "permission to exceed the allotted 25 . . . questions," stating, "Plaintiff anticipates approximately between 75 . . . and 100 questions."  (Filing 36 at 5.)  I interpret the plaintiff's request as a motion for leave to serve additional interrogatories.  Federal Rule of Civil Procedure 33 states, "Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts . . . ."  Fed. R. Civ. P. 33(a).  It adds, "Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)."  Id.  Rule 26(b)(2) provides,

> The frequency or extent of use of the discovery methods otherwise permitted under these rules . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less

---

[2]Federal Rule of Civil Procedure 31(a)(2), which is cited in the plaintiff's motion, is inapposite.

expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation; and the importance of the proposed discovery in resolving the issues. . . .

Fed. R. Civ. P. 26(b)(2)(C).

Although I did not expressly grant the plaintiff leave to serve additional interrogatories beyond the limit established in Federal Rule of Civil Procedure 33, I have entered an order stating that "[t]he plaintiff shall serve his discovery requests [listed in filing 38] and discovery responses directly on the attorney for the defendant(s)." (See filing 39 at 1.) The plaintiff's request to serve additional interrogatories is granted, though this leave extends only to the questions listed in filings 36 and 38. If the plaintiff wishes to serve more interrogatories, he must file a request for leave to do so.[3]

Finally, the plaintiff "requests the Court to consolidate his 3 . . . Complaints (Original, Amended, and Second Amended Complaints" and make "1 original complaint." (Filing 36 at 5.) This request must be denied. Although this court's local rules provide that in pro se cases, the court may consider amended pleadings as supplements to prior pleadings, see NECivR 15.1(b), in this case the magistrate judge has determined that the plaintiff's amended complaints superceded the previous versions of the complaint, (see filing 15 at 1 n.1; filing 16 at 1 n.1; filing 24 at 1-2). If the plaintiff wishes to file a new "consolidated" complaint, he must file a motion for leave to amend his complaint, see Fed. R. Civ. P. 15(a), and he must attach a copy of his proposed "consolidated" complaint to his motion, see NECivR 15.1(a). The court cannot draft or assemble his "consolidated" complaint for him.

**IT IS ORDERED** that the plaintiff's request for leave to serve additional interrogatories is granted, but his "Motion to Consolidate the Original, Amended, and Second Amended

---

[3] I pause to advise the plaintiff that he need not submit the same interrogatories to all defendants, but should target his interrogatories to the appropriate parties  The plaintiff is also advised that, should he seek to take the deposition of a defendant upon written questions pursuant to Federal Rule of Civil Procedure 31, he is not bound by the provision of Rule 33 that limits the number of interrogatories to twenty-five.

Complaints and Motion for Leave of Court," filing 36, is otherwise denied.

Dated June 19, 2007.

       BY THE COURT

       s/ Warren K. Urbom
       United States Senior District Judge