IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV655 |
| | ) | |
| v. | ) | |
| | ) | |
| IMMANUEL MEDICAL CENTER, CITY OF OMAHA POLICE DEPARTMENT, T. D. GENSLER, M.D., and CORRECTIONAL MEDICAL SERVICES, at the Douglas County Jail, | ) ) ) ) ) | MEMORANDUM AND ORDER ON DEFENDANT CITY OF OMAHA POLICE DEPARTMENT'S MOTION TO DISMISS |
| | ) | |
| Defendants. | ) ) | |

Defendant City of Omaha Police Department (OPD) has filed a motion to dismiss the plaintiff's second amended complaint. (See filing 32.) For the following reasons, I find that the defendant's motion must be granted.

**I.   BACKGROUND**

On March 1, 2007, the plaintiff, Robert F. Baker, filed a second amended complaint naming "Immanu[e]l Medical Center, City of Omaha Police Department, T.D. Gensler, M.D. & Correctional Medical Services at the Douglas County Jail" as defendants. (See Second Am. Compl., filing 20.) The allegations set forth in the second amended complaint may be fairly summarized as follows. The plaintiff is an inmate who is presently confined in the Douglas County Jail. (See id. ¶ 1.) During the plaintiff's arrest on August 19, 2006, OPD officers handcuffed the plaintiff and struck him repeatedly in the head with a "maglite." (Id. ¶¶ 9-11.) The plaintiff was then "hogtied" and "carried . . . by his hair to a police vehicle." (Id. ¶ 14.) Thereafter, the plaintiff was taken to the emergency room at the Immanuel Medical Center in Omaha, Nebraska, for treatment. (Id. ¶ 17.) However, after the medical staff at Immanuel Medical Center held a private conversation with the OPD officers, the staff became hostile to the

1

plaintiff, "ignored his claims of a broken nose, cracked skull, and severe nerve damage," and refused to examine and "properly diagnose" him.  (Id. ¶¶ 18-19, 23.)

The second amended complaint, which is based upon 42 U.S.C. § 1983, seeks "to redress the deprivation of [the plaintiff's] constitutional rights[,] privileges and immunities secured . . . by provisions of the Eighth and Fourteenth Amendments to the United States Constitution."  (Second Am. Compl., filing 20, ¶ 1.)  It states,

> Plaintiff alleges that Defendants were acting under the color of law in their individual and official capacities and were deliberately indifferent to his serious medical needs and improperly withheld medical care.  Plaintiff further alleges that the above acts and practices of the Defendants are knowing, deliberate and intentionally in disregard for the health and well-being of Plaintiff and that such acts, policies and practices are acts of deliberate indifference.

(Id.)

## II.  STANDARD OF REVIEW

OPD has filed a motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (See filing 32.)  "[A] motion to dismiss a complaint [pursuant to Rule 12(b)(6)] should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citation omitted); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In resolving such motions, all well-pleaded allegations in the complaint must be taken as true, and the complaint and "all reasonable inferences arising therefrom" must be construed in favor of the plaintiff.  Morton, 793 F.2d at 187.

## III.  ANALYSIS

The defendant argues, inter alia, that the plaintiff's claims against it must be dismissed because the second amended complaint fails to allege that the plaintiff's injury is attributable to a "municipal policy or custom."  (Filing 33 at 2.)  I agree.

> To state a claim under section 1983, a plaintiff must set forth facts that allege an action performed under color of state law that resulted in a constitutional injury.  See Haberthur v. City of Raymore, Mo., 119 F.3d 720, 723 (8th Cir. 1997).  A local government, however, cannot be held liable under section 1983 for

>an injury inflicted solely by its employees or agents on a theory of respondeat superior. See Andrews v. Fowler, 98 F.3d 1069, 1074 (8th Cir. 1996) (citing Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978)). Rather, a plaintiff seeking to impose such liability is required to identify either an official municipal policy or a widespread custom or practice that caused the plaintiff's injury. See Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, [403], 117 S. Ct. 1382, 1388, 137 L. Ed.2d 626 (1997); Kinman v. Omaha Pub. Sch. Dist., 94 F.3d 463, 467 (8th Cir. 1996); McGautha v. Jackson County, Mo., Collections Dep't, 36 F.3d 53, 55-56 (8th Cir. 1994).
>
>    The identification of an official policy as a basis upon which to impose liability ensures that a municipality is held liable only for constitutional deprivations "resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Brown, 520 U.S. at [403-04], 117 S. Ct. at 1388; see also McGautha, 36 F.3d at 55-56. Similarly, actions performed pursuant to a municipal "custom" not formally approved by an authorized decisionmaker "may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Brown, 520 U.S. at [404], 117 S. Ct. at 1388; see also McGautha, 36 F.3d at 56-57.

Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).

The second amended complaint, even when read liberally, does not allege that a constitutional injury resulted from an official municipal policy or a widespread custom or practice of OPD or the City of Omaha.[1] The plaintiff's conclusory allegation that the defendants' "policies and practices" violated the constitution is insufficient. See Springdale Educ. Ass'n, 133 F.3d at 651 ("At a minimum . . . a complaint must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations."). Therefore, the plaintiff's claims against OPD must be dismissed.

---

[1] To the extent that OPD is an entity capable of being sued under § 1983, its liability is the same as that of the relevant municipality–here, the City of Omaha. See Wade v. Tompkins, 73 F. App'x 890, 893 (8th Cir. 2003) (citing, inter alia, Tilson v. Forrest City Police Dep't, 28 F.3d 802, 807 (8th Cir. 1994)); Ketchum v. City of West Memphis, Ark., 974 F.2d 82, 82 (8th Cir. 1992) ("The West Memphis Police Department . . . [is] not [a] juridical entit[y] suable as such. [It is] simply [a] department[] or subdivision[] of the City government."); Armstrong v. Mille Lacs County Sheriffs Dep't, 228 F. Supp. 2d 972, 984 (D. Minn. 2002). See also Mosley v. Reeves, 99 F. Supp. 2d 1048, 1053-54 (E.D. Mo. 2000) (construing the plaintiff's claims against the Poplar Bluff Police Department as being against the City of Poplar Bluff).

**IT IS ORDERED** that the City of Omaha Police Department's motion to dismiss, filing 32, is granted.

Dated June 19, 2007.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge