IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV655 |
| | ) | |
| V. | ) | |
| | ) | |
| IMMANUEL MEDICAL CENTER, T. D. GENSLER, M.D., and CORRECTIONAL MEDICAL SERVICES, at the Douglas County Jail, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) ) | |

The following motions are currently pending:

1. Plaintiff's filing 45 Motion;

2. Plaintiff's Motion to Compel, filing 51;

3. Plaintiff's Motion for Copies, filing 53; and

4. Plaintiff's Filing 52 Motion.

<u>Plaintiff's Filing 45 Motion</u>

The plaintiff's filing 45 motion requests: 1) court assistance in processing a Notice of Appeal for a Douglas County Criminal case numbers 168-321 and 168-174; and 2) the completion and/or issuance of subpoenas.

This court cannot assist the plaintiff in filing his state court appeals.

As to the issuance of subpoenas, the plaintiff asks the clerk of this court to "complete" two subpoenas to obtain records from the Douglas County Sheriff's Department and Laura Peterson, Risk Manager for the State of Nebraska. In this case, the issuance of subpoenas on these county and state agencies is governed by Rule 45 of the Federal Rules of Civil Procedure. The plaintiff has filed copies of the subpoenas with his motion, and has signed these subpoenas as the "issuing officer." These subpoenas are not properly signed. See Fed. R. Civ. P. 45(a)(3). Liberally construing the plaintiff's motion, the plaintiff is requesting the clerk to issue blank

subpoenas for plaintiff's completion. Accordingly, pursuant to Rule 45(a)(3), the Clerk shall issue two signed blank subpoenas to the plaintiff at his last known address. Since the plaintiff is proceeding IFP, the plaintiff may complete these subpoenas and return them to the Clerk of Court for service by the U.S. Marshal.

## Motion to Compel
## (Filing 51)

The plaintiff's motion to compel, filing 51, seeks an order compelling the City of Omaha Police Department to answer interrogatories and produce documents responsive to plaintiff's discovery. Rule 37(a)(2)(B) permits a party who has served interrogatories or requests for production to apply for an order compelling discovery responses from "a party" who has failed to provide answers or produce documents. However, the City of Omaha Police Department was dismissed as a defendant on June 20, 2007, (see filing 49), and is therefore no longer a party to this lawsuit. Since the City of Omaha Police Department is no longer a party, the plaintiff cannot obtain an order compelling it to respond to plaintiff's interrogatories and requests for production.

## Motion for Copies
## (Filing 53)

The plaintiff asks the court for a copy of all documents and complaints he has filed with the court. In support of this motion, he states he needs these copies in order to draft his amended consolidated complaint.

The plaintiff has filed three complaints thus far. See filings 1, 11, 20. Filing 20 is the operative complaint at this time. See filing 24 (Memorandum and Order). The court has previously denied the plaintiff's request that the court consolidate these complaints to make one original complaint. Filing 48. The court explained:

> If the plaintiff wishes to file a new "consolidated" complaint, he must file a motion for leave to amend his complaint, see Fed. R. Civ. P. 15(a), and he must attach a copy of his proposed "consolidated" complaint to his motion, see NECivR 15.1(a). The court cannot draft or assemble his "consolidated" complaint for him.

Filing 48, p. 3.

2

The plaintiff's case has been on file since October 12, 2006. On October 23, 2006, the plaintiff reminded the court that he had asked for but never received a copy of his original complaint, and he formally moved for a copy of the original complaint and copies of the documents he was filing that day. Filing 9. Before the court ruled on the filing 9 motion, the plaintiff filed his first amended complaint without having a copy of the original complaint. The plaintiff's filing 9 motion for copies was later denied. The plaintiff filed a second amended complaint on March 7, 2007. Though they vary in level and choice of detail alleged, these complaints allege essentially the same claim.

The plaintiff has failed to show that he needs the court to supply copies of the documents he has filed. His motion to receive copies will be denied.

Plaintiff's Filing 52 Motion

Plaintiff's filing 52 motion requests: 1) leave to withdraw filing 38 from the court's record; 2) instructions on how to have clothing admitted into evidence; 3) copies of plaintiff's court filings; and 4) two subpoenas. The plaintiff's requests for copies of his court filings and for subpoenas have already been addressed in response to plaintiff's other motions.

The plaintiff asks for instructions on how to properly offer clothing into evidence. The court cannot provide legal advice to the plaintiff, and therefore and cannot grant this request.

With respect to plaintiff's request to withdraw filing 38 from the record, this filing appears to include interrogatories, requests for admissions, and requests for production of documents. The accompanying certificate of service states these discovery requests were mailed to the court for filing. The court thereafter issued an order informing the plaintiff that his discovery requests must be mailed directly to the attorneys for the party defendants. See filing 39.

The plaintiff's motion for leave to withdraw explains that in response to the court's filing 39 order, he served discovery on the City of Omaha Police Department and Immanuel Medical Center on June 5, 2007, but the discovery served is not the discovery shown in filing 38. Therefore, the plaintiff seeks to withdraw filing 38 and replace it with the discovery requests

3

attached to his motion to withdraw. The attachment to the motion to withdraw is, apparently, a copy of the discovery the plaintiff ultimately served on the defendants.

Absent a court order, copies of the plaintiff's written discovery served on the defendants should not be filed with the court unless the plaintiff is offering the documents as evidence in support of or in response to a motion, or until the discovery is needed for trial. That being said, no real purpose would be served by striking from the record either filing 38 or the discovery now attached to plaintiff's filing 52 motion to withdraw. The plaintiff is, however, reminded to review and comply with Nebraska Civil Rule 5.5 (a).

IT IS ORDERED:

1. The plaintiff's Motion for Subpoenas, filing 45, is granted in part and denied in part as follows:

    a. Plaintiff's request for assistance in appealing his state court criminal cases is denied.

    b. The Clerk of Court shall issue the plaintiff two signed blank subpoenas.

    c. Upon plaintiff's completion of the subpoenas and their return to the Clerk of the Court, the subpoenas shall be forwarded to the U.S. Marshal for service.

2. The plaintiff's motion to compel, filing 51, is denied.

3. The plaintiff's motion for copies, filing 53, is denied.

4. The plaintiff's filing 52 motion is granted in part and denied in part as follows:

    a. Plaintiff's motion for leave to withdraw filing 38 from the court's record is denied.

    b. Plaintiff's request for instructions on how to have clothing admitted into evidence is denied.

5.  The Clerk of Court shall send a copy of this Order to the plaintiff at his last known address.

Dated July 30, 2007.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge