IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT F. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV655 |
| | ) | |
| v. | ) | |
| | ) | |
| IMMANUEL MEDICAL CENTER, | ) | MEMORANDUM AND ORDER |
| T. D. GENSLER, M.D., and | ) | |
| CORRECTIONAL MEDICAL | ) | |
| SERVICES, at the Douglas County | ) | |
| Jail, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following motions are pending and fully submitted:

-- Plaintiff's motions for leave to take oral depositions and motions for court to assign a court reporter, (filing nos. 66 & 67);

-- Plaintiff's motion to compel, to extend the deposition deadline, and for sanctions, (filing no. 68);

-- Plaintiff's motions for leave to amend his complaint to add additional parties and for additional summons and subpoenas, (filing nos. 69, 70 & 78); and

-- Plaintiff's motion for color copies of photographs, (filing 79).

The defendants oppose plaintiff's motions. Defendant Immanuel Medical Center has also timely filed a motion for summary judgment. Filing No. 84. That motion is not ripe for decision, and its substantive merits will not be addressed in this Memorandum and Order.

The plaintiff's complaint was filed on October 12, 2006. His second amended complaint, filed on March 1, 2007, is the operative complaint in this lawsuit. See filing nos. 20, 24 & 48. On July 27, 2007, the court entered an order setting the schedule for progression of this case. Filing No. 60. Pursuant to that order, the deposition deadline is currently set for October 8, 2007, and the pretrial conference will be held on January 14, 2008.

### Motion for Leave to Take Oral Depositions, and Motion for Court to Assign a Court Reporter.
Filing Nos. 66 & 67

The plaintiff seeks an order granting him leave to take the depositions of defendant Thomas Gensler, M.D., Lisa Knudson, Correctional Medical Services, and Director Jeffrey Newton, (filing no. 66), as well as Bruce Holcomb, M.D., Dr. Jacobs, M.D., Lou Ann Neneman, R.N., Pamela Marr, R.N., "Susan D. (US)," Michelle Kuhlman, R.T., an unknown x-ray technician, and Lisa Marcussis. See filing no. 67. The plaintiff alleges the defendants have been evasive and uncooperative in responding to his discovery requests. He therefore requests an order designating the time and date when these witnesses must appear at the Douglas County Correctional Center to be deposed, and that the court designate an officer or court reporter to record and transcribe the deposition testimony. Filing Nos. 66 & 67.

The plaintiff's motions identify all the foregoing listed and proposed deponents as defendants. The defendants in this case are Immanuel Medical Center, T.D. Gensler, M.D., and the Douglas County Correctional Medical Services. Therefore,

not all the persons the plaintiff intends to depose are named defendants, and it is not clear to what extent and in what capacity the individuals named are employees or agents of a named defendant. The plaintiff's right to orally depose a named defendant is governed by Rule 30 of the Federal Rules of Civil Procedure, and his right to depose nonparty witnesses is governed by Rule 45 of the Federal Rules of Civil Procedure. Parties, whether represented or appearing pro se, must comply with these rules governing discovery by deposition, but neither rule requires a party to seek and obtain leave of the court to initiate discovery by deposition. In addition to Rules 30 and 45, as noted in the court's June 19, 2007 memorandum and order, the parties are authorized under Rule 31 of the Federal Rules of Civil Procedure to depose an opposing party upon written questions. Filing No. 48, p.3, n.3. Leave of the court is not required before conducting a deposition pursuant to Rule 31.

However, to the extent the plaintiff is asking the court to assist him in noticing depositions and securing the witnesses' attendance at depositions, or in obtaining a court reporter to record and transcribe the deposition testimony, the plaintiff's request must be denied. Although the plaintiff claims the defendants have thwarted his discovery efforts, these allegations are unsupported by evidence. The record provides no basis for assisting the plaintiff, by court order, with initiating discovery under the Federal Rules. Granting leave to proceed in forma pauperis does not grant the right to affirmative assistance from the court in conducting discovery or securing a court reporter. See Beard v. Stephens, 372 F.2d 685, 690 (11th Cir. 1967)(affirming district court's refusal to appoint an officer of the court to aid in taking discovery depositions).

The plaintiff is reminded that although he is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, that statute does not authorize the court to pay, or to order the defendants to pay, the costs associated with taking depositions. See U.S. Marshals Service v. Means, 741 F.2d 1053, 1056 (8th Cir. 1984)("The plain language, statutory context and legislative history of 28 U.S.C. § 1915 convince us

that the statute neither expressly nor implicitly authorizes the payment of the witness fees and expenses as ordered by the district court."); Lewis v. Precision Optics, Inc., 612 F.2d 1074, 1075 (8th Cir. 1980)(affirming the trial court's ruling that neither the government nor the defendant who prevailed at trial was responsible for paying an indigent plaintiff's deposition expenses). See also Brown v. Carr, 236 F.R.D. 311, 313 (S.D. Tex. 2006)(holding an indigent plaintiff cannot expect the court or defendants to advance the fees and expenses for taking depositions); Wright v. U.S., 948 F.Supp. 61, 62 (M.D. Fla. 1996)("[T]he majority of the courts that have addressed the issue of payment of court reporter fees and costs of transcription have found that section 1915 does not give the trial court authority to direct the government to pay for such costs.")(collecting cases); Tajeddini v. Gluch, 942 F.Supp. 772, 782 (D. Conn. 1996)("*In forma pauperis* status does not require the Government to advance funds to pay for deposition expenses.").

Based on the record before me, the proposed deponents have not been previously deposed, and the deposition deadline has not passed. Therefore, to the extent the plaintiff is seeking court authority to conduct discovery, a court order is unnecessary. To the extent the plaintiff is seeking court assistance in performing discovery, the requested relief cannot be granted. The court will therefore deny the plaintiff's motions seeking leave of the court to conduct oral depositions and for appointment of a court reporter.

<u>Motion to Compel, to Extend the Deposition Deadline, and for Sanctions</u>
Filing No. 68

The plaintiff moves to compel defendant Immanuel Medical Center to produce its "manual of policy and procedure, as well as all files provided from Omaha Police Dept. & Omaha Fire Dept." Filing No. 68. He moves to compel defendants Thomas Gensler and Correctional Medical Services to produce a "manual of policy &

procedure (copy), as well as a complete copy of the Plaintiff's medical file." Filing No. 68. He requests an extension of the deposition deadline so that the requested documents can be received and used during depositions. Filing No. 68. The plaintiff's motion to compel was signed on August 24, 2007 and states the discovery at issue was served on July 22, 2007.

Defendants Gensler and Correctional Medical Services have filed a response which states that on August 31, 2007, they provided the plaintiff with a complete copy of his medical file maintained at the Douglas County Correctional Center. As to the Correctional Medical Services "manual of policy and procedure," defendants Gensler and Correctional Medical Services state the plaintiff never requested this document in discovery. See filing no. 73. The plaintiff has submitted no evidence to the contrary.

Defendant Immanuel Medical Center likewise asserts that the plaintiff never requested its manual of policy and procedure. See filing no. 75, att.1 (Sloup affidavit), ¶¶ 2-4 and exs. A-D. As to the documents of the Omaha Police and Fire departments, this defendant has filed evidence showing that plaintiff requested this discovery August 22, 2007, and defendant Immanuel Medical Center subpoenaed the records from these city departments and forwarded them to the plaintiff on August 27 and August 30, 2007. See filing no. 75, att.1 (Sloup affidavit), ¶¶ 5-7 and exs. E-G. The plaintiff has submitted no evidence to the contrary.

The plaintiff's motion to compel, and his associated motion for sanctions must be denied. The court further finds that no extension of the deposition deadline is warranted. There is no evidence indicating the defendants have improperly delayed discovery process.

Motions for Leave to Amend His Complaint to Add Additional Parties, and
for Additional Summons and Subpoenas
Filing Nos. 69, 70 & 78

The plaintiff seeks to amend his complaint to add, as additional defendants, several persons named in discovery responses. Based on the parties' submissions, the plaintiff is seeking to name employees of the Omaha Police Department as additional defendants, although that city department was previously named as a defendant and dismissed from this case. He also seeks to add individual employees of Alegent Health (Immanuel Medical Center), including the paralegal at Alegent Health who prepared the discovery responses in this case. Although leave to amend should be freely given when justice so requires, (Fed. R. Civ. P. 15(a)), there is no showing that, in the interest of justice, the plaintiff's proposed amendments should be permitted at this late stage of the lawsuit. The plaintiff's motions for leave to amend and for additional summons and subpoenas will be denied.

Motion for Color Copies of Photographs
Filing 79

The plaintiff moves the court to provide color copies of photographs. The statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. Lewis v. Precision Optics, Inc., 612 F.2d 1074, 1075 (8th Cir. 1980)((interpreting 28 U.S.C. § 1915 and affirming the trial court's ruling that neither the government nor the defendant who prevailed at trial was responsible for paying an indigent plaintiff's expenses for copies of records); Haymes v. Smith, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing Tyler v. Lark, 472 F.2d 1077, 1078 (8th Cir. 1973).

IT IS ORDERED:

1. Plaintiff's motions for leave to take oral depositions and motions for the court to assign a court reporter, (filing nos. 66 & 67), are denied.

2. Plaintiff's motion to compel, to extend the deposition deadline, and for sanctions, (filing no. 68), is denied.

3. Plaintiff's motions for leave to amend his complaint to add additional parties and for additional summons and subpoenas, (filing nos. 69, 70 & 78), are denied.

4. Plaintiff's motion for color copies of photographs, (filing 79), is denied.

5. The clerk is directed to terminate the objections, (filing nos. 73 & 76) filed by defendants Gensler and Correctional Medical Services.

6. The deposition deadline is not continued. Pursuant to the court's prior order, all depositions, whether or not they are intended to be used at trial, shall be completed by October 8, 2007.

7. The plaintiff is reminded that pursuant to this court's local rules, (NECivR 7.1(b)(1)(B)), his response to defendant Immanuel Medical Center's motion for summary judgment must be filed on or before October 15, 2007.

DATED this 3rd day of October, 2007.

> BY THE COURT:
> s/ Warren K. Urbom
> United States Senior District Judge